# SUPREME JUDICIAL COURT

#### FOR THE

### COUNTY OF BERKSHIRE, AT LENOX,
### SEPTEMBER TERM 1857.

━━━

PRESENT :

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW, ⎫Justices.
Hon. BENJAMIN F. THOMAS, ⎭

---

### Levi B. Warner *vs.* Samuel Bacon.
### Same *vs.* Same.

In an action for the breach of an agreement to convey real estate, special damages, not implied by law as the necessary consequences of the breach, cannot be recovered unless alleged in the declaration.

Additional damages occasioned by the continued withholding of real estate, after the bringing of an action for the breach of an agreement to convey it, cannot be given in evidence in that action; but may be recovered in a subsequent action.

In an action for the nonperformance of an agreement to convey real estate, the plaintiff cannot recover expenses incurred by him in erecting a building on his other land, by reason of not obtaining a legal right to put thereon a similar building standing upon the land agreed to be conveyed.

Under an agreement for an exchange of lands, one party executed his conveyance, and the other refused then, but subsequently executed his conveyance also, which was

accepted. *Held*, that such acceptance was a bar to any action by the first grantor for the rent of the land granted by him between the times of the two conveyances.

In an action for nonperformance of an agreement to convey land, brought after a conveyance thereof has been made and accepted, evidence that the defendant was induced to make the agreement by false and fraudulent representations of the plaintiff as to the value, condition and incumbrances of land which the plaintiff on his part conveyed to the defendant, by reason of which the defendant was obliged to spend a large sum of money thereon, is inadmissible, either by way of bar, set-off or recoupment.

Two ACTIONS OF CONTRACT upon one agreement in writing, dated December 8th 1854, between Samuel Bacon of Binghampton, N. Y., and Levi B. Warner of Brooklyn, N. Y., for the sale by Bacon to Warner of land in Egremont, with a dwelling-house and barn thereon, and including a wood lot, for the price of $3500, for $2000 of which Bacon should receive a house and lot in Brooklyn, N. Y., and the residue in certain stock and a note for $500; the respective deeds to be made and delivered by the 20th of January 1855.

In December 1854 Warner performed his part of the agreement, and Bacon accepted the deed and stock, or retained them in his possession; but refused and neglected to make or deliver a deed of his land in Egremont to Warner.

On the 28th of January 1855 Warner brought the *first* action upon the agreement, alleging performance of his part thereof and Bacon's neglect and refusal to deliver to him a deed of the land in Egremont, but not alleging any special damage; and attached property of the defendant, and entered his action at February term 1855 of the court of common pleas, when an order of notice was issued, returnable at June term 1855.

On the 11th of May 1855 the defendant executed the deed of the Egremont property, and tendered it to the plaintiff, who accepted it and took possession of the property.

At June term 1855 the defendant appeared, and the action was continued; and at the next term the defendant filed an answer, denying the agreement and the plaintiff's performance. At June term 1856 the defendant, by leave of court, filed a supplemental answer, alleging the defendant's tender and the plaintiff's acceptance of the deed of the Egremont property, and the plaintiff's subsequent possession under it; and a trial was had

before *Briggs*, J., who signed a bill of exceptions, the material part of which, after reciting the facts above stated, was thus :

" The plaintiff contended that he was entitled to recover from the defendant all such damages as he had actually sustained by the breach of the contract by the defendant; that, in the ab sence of the plea of the tender of the deed in May 1856, he would have been entitled to recover the consideration money of $3500, and interest; that upon the filing of such plea or supplemental answer, it should only avail the defendant in mitigation of damages; and that the plaintiff was, in addition to the damages sustained by him between the 20th of January 1855 and the date of his writ, entitled to recover from the defendant all damages between the date of the writ and the 11th of May, when the tender was made.

" The plaintiff had taken possession of a wood lot upon the Egremont premises, and had a lease of the barn to April 1st; and by the understanding of the parties, which was not controverted, the dwelling-house was to be subject to a lease to the former tenant, which expired on April 1st. The plaintiff testified that he was in possession of the Egremont property, to the same extent as if the deed to him had been delivered at the time specified in the contract. Although the plaintiff had possession of the premises to be conveyed to him, he was, as he claimed, deprived of the use and control of the same, as tenant of the fee, for the removal of the barn, &c.

" The plaintiff offered evidence to prove, as matter of damages, 1st. That the defendant forbid his having anything done to or with the Egremont property, and refused to allow him to remove a barn from said property to other land of the plaintiff. 2d. That the plaintiff, about the first of April 1855, made excavations and got out stone to build a barn on his other land. 3d. That the defendant received rent on the Brooklyn property before the 1st of April.  4th. That rent was received by the defendant, subsequent to the 1st of April, on the Egremont property

" The court ruled that the plaintiff, upon the breach of the contract by the defendant, was entitled to recover in this action for all the injury and damages which he had sustained as the

natural and necessary consequence of the nonperformance of the contract on the part of the defendant; that he was to be limited to such damages as he had sustained up to the date of his writ; and rejected evidence of any of the items of damage specifically set forth by the plaintiff.

" The jury returned a verdict for the plaintiff, and assessed damages at the sum of $16. To the above rulings the plaintiff excepts." This case was argued and decided at September term 1856.

*C. N. Emerson*, for the plaintiff, cited 2 Greenl. Ev. § 268; Sedgwick on Damages, (2d ed.) 106 *& seq.* & cases cited; *Wilcox* v. *Plummer*, 4 Pet. 182; Com. Dig. Damages, D.; *Greenfield Bank* v. *Leavitt*, 17 Pick. 3; *Fox* v. *Harding*, 7 Cush. 522; *Leffingwell* v. *Elliott*, 10 Pick. 204; *Brooks* v. *Moody*, 20 Pick. 474; 2 Parsons on Con. 472, 473, 506; U. S. Dig. Suppt. Damages, pl. 250, 253; *Merrill* v. *How*, 24 Maine, 126.

*J. Price*, for the defendant.

METCALF, J. The judge rightly excluded evidence of the four matters of damage which the plaintiff offered to prove. Without inquiring whether they would, under any form of declaration, have been legal grounds of damage, it is sufficient for the decision of this case, that they were not the necessary consequences of the defendant's breach of agreement, which are implied by law; and were not alleged in the declaration. Nor were they consequences which (in the language sometimes used by judges) "in all probability " might follow, or would be " very likely to follow," from that breach. See *Richardson* v. *Mellish*, 2 Bing. 239; *Goslin* v. *Corry*, 7 Man. & Gr. 346; *Ferrer* v. *Beale*, 1 Ld. Raym. 692; 1 Chit. Pl. (6th Amer. ed.) 370, 441; 2 Greenl. Ev. § 254. " Mere collateral damage," says Holroyd, J., " must be stated in the declaration, in order to entitle the plaintiff to give it in evidence, lest otherwise the defendant might be taken by surprise." *Battley* v. *Faulkner*, 3 B. & Ald. 294. And this rule of the common law is not changed by the practice act of 1852, c. 312. *Baldwin* v. *Western Railroad*, 4 Gray, 336.

The judge also ruled, that the plaintiff "was to be limited to such damages as he had sustained up to the date of his writ." And this is the general rule of law. *Pilfold's case*, 10 Co. 117. Com. Dig. Damages, D. *Pierce* v. *Woodward*, 6 Pick. 206. There are, however, exceptions to the rule. And the question now is, whether the damage sustained by the plaintiff, after the date of his writ, from the defendant's omission to convey to him the Egremont estate, is within the rule, or is an exception to it. There is a compilation of most of the decisions on this subject in Sedgwick on Damages, *c.* 3, and Mayne on Damages, 33–38. In the latter book it is said, that "damages arising subsequent to action brought, or even to the date of verdict, may be taken into consideration, when they are the natural and necessary result of the act complained of, and where they do not themselves constitute a new cause of action." "On the other hand, where the damages subsequent to the commencement of the action are not the necessary result of the alleged wrong, or where they might be the foundation of a fresh action, they cannot be included in the verdict of the jury." The application of these rules to particular cases, like the application of other rules of law, which seem very plain, is often very difficult. We find no adjudged case which, if we were to regard it as a binding authority, would be decisive of the case at bar.

Our judgment is, that the continued withholding of a conveyance of the Egremont estate, after the 28th of January (the date of the writ) till the 11th of May, when the conveyance was made, is not a damage recoverable in this action. We think the case is more analogous to those in which damage sustained after action brought has been held not to be recoverable, than to those in which it has been held that it may be recovered.

In *Hambleton* v. *Veere*, 2 Saund. 169, the declaration was for the defendant's procuring the plaintiff's apprentice to depart from his service, and for loss of that service for the residue (four years) of the term of apprenticeship. Judgment was arrested, because the jury assessed damages generally, as declared for; the court saying the plaintiff "ought to have recovered damages for the loss of service until the exhibiting of the bill only, and

34 *

no more." See other like cases in the notes, by Williams and others, to the principal case, and also the opinion of Battle, J., in *Moore* v. *Love*, 3 Jones N. C. 215. In *Powers* v. *Ware*, 4 Pick. 106, which was an action of covenant on an indenture of apprenticeship, brought before the expiration of the apprenticeship, for not maintaining the apprentice, it was decided that damages could be recovered only to the date of the writ. The reason given was, " for aught we know, the defendant may be ready to perform his covenant in future." And it was said by Littledale, J., that, " in the case in Saunders, the future damage could not be assessed, inasmuch as the apprentice might return." *Hodsoll* v. *Stallebrass*, 3 P. & Dav. 203. These reasons seem as applicable to this case as to those.

The same rule of damages is applied to actions for an obstruction, which may be temporary, of a stream of water, of a way, or of light and air. *Duncan* v. *Markley*, Harper, 276. *Cole* v. *Sprowl*, 35 Maine, 161. *Blunt* v. *McCormick*, 3 Denio, 283. But if the obstruction be permanent, so that the plaintiff can no more have the flow of a stream, or the enjoyment of a way, or light or air, then all the damages which he sustains from the destruction of his rights are recoverable. *Troy* v. *Cheshire Railroad*, 3 Foster, 83. And if this defendant had conveyed the estate to a third person, before this action was brought, and thus made himself unable to convey it afterwards, the plaintiff would have been entitled to all the damages sustained by the loss of the estate. But the facts of the case show only a temporary withholding of the plaintiff's rights, for which, as in the cases above cited, damages have been held recoverable only to the time of action commenced.

It might have been wise in the defendant, if he had not objected to the recovery of damage sustained by the plaintiff between the date of his writ and the day when the conveyance was made. In *Goslin* v. *Corry*, 7 Man. & Gr. 345, where a defendant, on the trial of an action for a libel, permitted evidence to be given of damage caused after action brought, Tindal, C. J. said: " By permitting this evidence to be given, the defendant may possibly have escaped a second action brought

against him. It was therefore far from an impolitic thing to allow damages to be assessed for the whole cause of complaint in one action." *Exceptions overruled.*

The plaintiff then brought a *second* action in the court of common pleas, on the same agreement, to recover the special damages which accrued to him between the date of the first writ and the 11th of May 1855, and set forth the same breach, but alleged specially in his declaration the four items of damage which he attempted to prove at the first trial.

The defendant in his answer alleged, 1st. The former judgment; 2d. Performance of the agreement by the defendant, and nonperformance by the plaintiff; 3d. That the defendant was induced to make the agreement by false and fraudulent representations of the plaintiff as to the value, condition and incumbrances of the estate in Brooklyn, by reason of which the defendant had been obliged to spend $500 thereon ; 4th. A denial of the alleged items of damage.

The parties submitted the case to the court of common pleas, and, on appeal, to this court, upon the facts stated in the above report of the first trial ; admitting, " for the purpose of the hearing upon this statement of facts, that the plaintiff suffered some injury by the defendant's said breach of the contract, which was not recovered and was not admitted to be proved in the first action ; " and agreeing " that if the foregoing facts constitute a defence to this action, the plaintiff shall become nonsuit ; otherwise, the case shall stand for trial upon the questions presented by the other issues made by the declaration and answer."

This case was argued at this term by the same counsel, and the decision was made in June 1858.

METCALF, J. If the damages now sued for could have been recovered in the former action, they cannot be recovered in this But it does not follow, as of course, that they can be recovered now because they were not allowed to be recovered then. A plaintiff may fail to recover all the damages he is entitled to, by not so framing his declaration as to cover them all, or by not so managing his case as to bring the full damages to the consid-

eration of the court or the jury. What he thus loses is lost by his own fault. Or a plaintiff may, by the erroneous exclusion of evidence, be deprived of a part of his legal damages. What he thus loses is lost by the error of the court; yet his remedy is not a new action for the recovery of what he was not before permitted to recover, but a new trial of the first action on a setting aside of the verdict for such wrong exclusion of evidence. This plaintiff first attempted that course; and if the evidence had not been rightly excluded in the former case, a new trial would have been ordered.

The damages now demanded are those only which the plaintiff sustained, if at all, after the commencement of the former action. For all previous damages he has recovered, or might have recovered, in that action, his full legal recompense.

The declaration in this case sets forth four grounds of damage. First, the plaintiff's deprivation, after the first action was brought and until the Egremont estate was conveyed to him, of the benefit and advantage which he would have enjoyed from the full title to it during that interval. Second, the expenses incurred by him in preparing to build a barn on his other land, by reason of his not obtaining a legal right to place thereon a barn that was on the land which the defendant had agreed to convey to him. Third, his loss of the use, improvement and income of the estate in Brooklyn which he conveyed to the defendant. Fourth, the loss of the rents of the estate that was to be conveyed to him; the defendant having collected them.

The second and third grounds of the plaintiff's claim are easily disposed of. He has no legal cause of action for either; and would not have been entitled to damages for the second, even if the defendant had never conveyed the estate to him. That ground of damage is too remote; not being a proximate consequence of the defendant's breach of agreement. *Sibley* v. *Hoar*, 4 Gray, 222. *Blood* v. *Nashua & Lowell Railroad*, 2 Gray, 137. *Waite* v. *Gilbert*, 10 Cush. 177. 2 Greenl. Ev. § 256. The third ground is to be regarded precisely as if the plaintiff had paid money as the consideration for the stipulated

conveyance, instead of transferring property as the consideration therefor, and as if he were now seeking, as damages, the loss of the use of the money up to the day when the conveyance was made to him and accepted by him. If that conveyance had not been made and accepted, the plaintiff would have been entitled, in the former action, to recover the amount of the consideration which he had advanced, and interest thereon, if it had been money, or an equivalent for interest, as the facts were. But the claim to recover back the consideration was extinguished by the acceptance of the conveyance after action brought; and the principal being in effect paid, no legal claim to the interest, or to its equivalent, longer exists. *Gage* v. *Gannett*, 11 Mass. 217. *Dixon* v. *Parkes*, 1 Esp. R. 110. *Tillotson* v. *Preston*, 3 Johns. 229.

The question on the first and fourth grounds of the plaintiff's present claim is, whether they constitute a new cause of action, or are only new damages resulting from the original cause of action. A fresh action cannot be brought unless there be both a new unlawful act and fresh damage. *Howell* v. *Young*, 5 B. & C. 267. *Hodsoll* v. *Stallebrass*, 11 Ad. & El. 306, and 3 P. & Dav. 203. *Whitney* v. *Clarendon*, 18 Verm. 258. The application of this doctrine is not always easy, and perhaps has not always been rightly or consistently made.

In actions for injury to the person of the plaintiff or his servant, by battery, or by accident on a highway or railroad, &c., it is the settled law that damages may be given for all that the plaintiff may suffer in future from the injury. The jury are to estimate, as well as they may from the evidence before them, all the loss and damage which the plaintiff has sustained or will sustain. And when damages have been once recovered, no new action can be maintained for sufferings afterwards endured from the unforeseen effect of the original injury. *Fetter* v. *Beal*, 1 Ld. Raym. 339, 692, 12 Mod. 542, and 1 Salk. 11. *Black* v. *Carrolton Railroad*, 10 Louis. Ann. R. 33. *Curtiss* v. *Rochester & Syracuse Railroad*, 20 Barb. 282. 11 Ad. & El. *ubi sup.* And, as was stated in the opinion in the former case, the law is the same when one is deprived of the enjoyment of a right to

the flow of a stream of water, &c., by a permanent obstruction. But we suppose the law to be different in that class of cases to which we then deemed and now deem this to be more analogous. Plain justice requires that a plaintiff should have a remedy for all the legal damage he sustains from a tort or breach of contract; and that if, by reason of some rule of law, and without any fault or mistake of his, he can recover only part of that damage in one action, he should be entitled to recover the rest in another. But, as special damage — that is, damage which is not the necessary consequence of the wrong complained of — cannot be recovered unless it is alleged in the declaration, it follows that such damage, sustained after an action has been brought, cannot be recovered at all, unless in a new action; inasmuch as it cannot be alleged and proved before it exists. And in cases of nuisance, where damages after action brought are held not to be recoverable, it is also held that a new action may be maintained for a subsequent continuance of the nuisance; every continuance thereof being a new injury, and not merely a new damage. 12 Mod. 544. Com. Dig. Action upon the Case for a Nuisance, B. See also *Holmes* v. *Wilson*, 10 Ad. & El. 503. So where damages only to the time of action brought are allowed to be recovered for the enticing away and detention of apprentices, or for not maintaining them according to contract, we hold that, for a subsequent detention or refusal to maintain, during the continuance of the apprenticeship, a new action may be supported. In *Horn* v. *Chandler*, 1 Mod. 271, the action was against an apprentice who had bound himself to the plaintiff for seven years; and the declaration alleged that the defendant went away from the plaintiff's service, "*per quod* he lost his service for the said term, which term is not yet expired." On demurrer, it was held that though declaring for the loss of the unexpired term was " naught after verdict," yet, upon demurrer, the plaintiff might take damages for the departure only, and not for the loss of service during the term. Speaking of that case, Littledale, J. said : " There a fresh cause of action arose every day." 11 Ad. & El. 304. The same is equally true of the actions above mentioned, for entic

ing away and detaining apprentices, or for refusing to maintain them.    And certainly a new action may be maintained whenever there is a new cause of action.    In 3 Foster, 102, Bell, J.: in a very able opinion, says, that if damages " result, not from the wrongful acts, but from the wrongful continuance of the state of fact produced by those acts, they form the basis of a new action."

On these grounds and authorities, we are of opinion that the continued omission of the defendant, after the former action was commenced, to make a conveyance to the plaintiff, was a new cause of action, and not merely a new damage.   If it were a new damage merely, that damage should have been allowed to be recovered in the former suit.

The agreement on which this action is brought was never rescinded.   It has been hitherto treated by both parties as an open and continuing agreement.   If it had been rescinded, the plaintiff must have sought his remedy, not by an action for the breach of it, but by some different action.    See *Canada* v. *Canada*, 6 Cush. 17 ; *Goodman* v. *Pocock*, 15 Ad. & El. N. R. 576 ; *Hochster* v. *De La Tour*, 2 El. & Bl. 678.

The case of *Clossman* v. *Lacoste & another*, 28 Eng. Law & Eq. 140, strongly resembles this.   There the plaintiff had agreed to serve the defendants for five years, and they had agreed to guaranty to him a certain sum yearly during the continuance of the agreement.   After the five years had expired, the plaintiff brought an action on the agreement, alleging that the defendants had not guarantied nor paid the stipulated sum for his services during the fourth and fifth years.   The defendants pleaded in bar a former recovery by the plaintiff in the court of exchequer, for their default in not paying him for his services during the first and second years, and for dispensing with his services during the whole of the third year.   " This plea," said Lord Campbell, " is bad, unless the cause of action in the present case is the same as that in the action in the court of exchequer, and the damages recoverable now could have been recovered in that action.   1 am of opinion that these damages could not have been recovered in that action, and that the dam-

ages in that action could not be assessed beyond the third year. For anything that appears in that action, the relation of employer and employed still continued between these parties. The claim now being for damages in the fourth and fifth years, why should there not be a second action?" "If the contract is entirely broken, and the relation of employer and employed put an end to, I agree that the party suing ought to allege in his declaration the whole gravamen that he suffers by such breach of contract; and that he may recover therein all the damages that may ensue to him in consequence. But there is nothing to show such a state of facts in the present case; and I am of opinion that the present is a new cause of action."

The result in the present case is, that the plaintiff is entitled to recover the legal damage sustained by him between the time when the former action was commenced and the time when the conveyance of the estate was made to him, by reason of his not having, during that interval, a full title to that estate. As he was in possession, that damage cannot be great.

He may also recover the amount of the rent which he would have been entitled to if the estate had been conveyed to him at the stipulated time, namely, the rent which was accruing at that time, and which the defendant received during tne aforesaid interval. *Stone* v. *Knight*, 23 Pick. 97. *Burden* v. *Thayer*, 3 Met. 76. Taking what appears in the declaration in this case, in connection with what appeared in the former action, our inference is, that a portion of the estate was under lease to a tenant, when the agreement in suit was made, and that the defendant, before conveying the reversion to the plaintiff, collected the rent reserved in that lease. This will be matter of evidence hereafter.

Unless these two matters of damage are adjusted by the parties, the case is to go to a jury. But the matter of the plaintiff's misrepresentation and fraud, set out in the defendant's answer, cannot be shown on the trial of this action, either by way of bar, set-off or recoupment.