EDWARD AARON, *by* LEVI AARON, *his guardian, v.* THE SECOND AVENUE RAILROAD COMPANY.

It is not negligence for a person to attempt to cross a street railroad track while a car is approaching at a high rate of speed, if there is in fact ample time to cross the track before the car, and the person could have done so but for an unavoidable accident.

Thus where the plaintiff, seeing a car approach, started to cross the street in front of it, but in ample time to have escaped it, but while crossing the track slipped and caught his foot in a hole in the pavement, and was run over by the car before he could escape—*Held,* that a motion for nonsuit, on the ground of the plaintiff's contributory negligence, was properly denied.

The bodily pain or suffering, which constitutes an element in estimating damages for bodily injuries, is not confined to that which may have been incurred before the trial, but includes such future suffering as it is reasonably certain from the evidence must result from the injury.

APPEAL by the defendant from a judgment at trial term. The cause was tried before Brady, J., and a jury.

The action was brought by the plaintiff, an infant, by his guardian, to recover damages for injuries sustained by being run over by the horse car of the defendant, in Pearl street, in May, 1861. It appeared in evidence that the plaintiff, a child between five and six years of age, was crossing Pearl street about five o'clock in the afternoon, in company with his sister, Mrs. Rauth. While still on the sidewalk, and before they began to cross the street, the car was "three houses distant from them," and was coming at a very high rate of speed. In crossing the track, the child's foot slipped on the rail, and caught in a hole two or three inches from, and outside of, the rail. Before the child's foot could be extracted from the hole, or the moment it was extracted, the horses of the car were upon him, and his leg was so injured as to require amputation.

It was testified to that, if the child had not fallen, there would have been ample time for him to have crossed before the car could have reached them.

There was also some evidence that the brake of the car was out of order, and could not be worked effectually.

The plaintiff's counsel put to the physician who had attended the plaintiff, the questions, "What will be the natural consequences of the injury? Will not the result be permanent, or to a considerable extent permanent, as regards time?" Objection was made, and the objection overruled.

At the conclusion of plaintiff's case, and also when the whole case was closed, the defendant's counsel moved to dismiss the complaint, which motion was denied, and the case submitted to the jury, the judge charging, at the request of the defendant's counsel, " that no damages can be laid in respect to the future, except for the necessary consequences of the injury."

The jury rendered a verdict for plaintiff for six thousand five hundred dollars.

*John H. Platt* and *John Slosson*, for appellant.

*Christopher Fine* and *John Graham*, for respondent.

BY THE COURT.—DALY, J.—The motion for a nonsuit was properly denied. It appeared, from the evidence, that Mrs. Rauth attempted to cross the street, having her young brother, the plaintiff, a child of six years of age, by the hand. That, as she undertook to cross, she saw the car approaching, and there was, as she expressed it, plenty of time to have crossed, but that her brother's foot caught in a hole, two or three inches from the railroad track, which made it necessary for her to stoop down to disengage the child's foot, which, as she described it, was stuck in between the stones, in a hole, so that she had some trouble to get it out. That, just as she had loosened the foot, she heard the noise of the car close to her, and was about to run back with her brother, but the horses were so near that they knocked the child down, and the wheels of the car passed over him, injuring one of his legs so badly that it had to be amputated. This state of facts showed that there was no negligence on the part of Mrs. Rauth, or on the part of the child, as there was ample time to have crossed when she left the sidewalk, and the child's foot caught, not, as may be inferred, through any negligence, but accidentally.

There was negligence, however, on the part of the driver of

the car.   Several witnesses testified that the car was going very fast—much faster than was usual—and, according to the testimony of the policeman, at a rate between eight and ten miles an hour; the lawful rate of speed being limited, by the city ordinance, to five miles an hour (Revised Ordinances of City of New York, 1859, p. 315).   It was also in evidence, that, even at the rate he was going, there was time enough for the driver to have stopped, if the car had not been out of order.   The policeman testified that the driver had time enough, and distance enough, to have stopped; that he had full time to have stopped, if the car had not been out of order; that he, the policeman, was told that the car was out of order, and that the defendants intended to lock it up that trip.   This was not a case, therefore, of mutual or co-operating negligence, but one in which the accident was caused either by the heedlessness of the driver, or in consequence of the rapid rate at which he was driving, or by reason of the defective condition of the car, either of which causes would present a case of negligence on the part of the defendants, or of their agents.

None of the exceptions were well taken.   The bodily pain, or suffering, which constitutes an element in estimating the damages in such a case, is not confined to that which may have been incurred before the trial, but includes such future suffering as it is reasonably certain, from the evidence, must result from the injury (*Curtis* v. *The Rochester and Syracuse Railroad Company*, 18 N. Y. 534).   The physician was of opinion that the child might be liable thereafter to suffer pain, which was corroborated by the statement of the mother, that the boy suffers great pain upon a change of weather; that in the winter, or when there is a change in the weather, he cannot go to school, and that every time the weather changes he suffers pain.

The damages were not excessive.   The plaintiff was maimed for life, deprived of the use of his leg, had undergone great pain and suffering, and, besides having his powers of locomotion impaired, was liable in the future, from the serious character of the injury, to further pain and suffering.   Under these circumstances, the verdict was a reasonable one, and the judgment should be affirmed.