KLEIN, Respondent v. W. HODGMAN & SONS, INC., Defendant-Third Party Plaintiff and Appellant, and KLEIN, Third Party Defendant-Respondent

(85 N.W.2d 289)

(File No. 9656. Opinion filed October 15, 1957)

**Stephens, Riter & Mayer,** Pierre, for Appellant.

**G. F. Johnson,** Gregory, and **Claude Maule,** Winner, for Respondents.

ROBERTS, J. Plaintiff, a passenger in an automobile driven by her husband, brought this action against W. Hodgman & Sons, a corporation, to recover for personal injuries resulting from an accident alleged to have been caused by the negligence of the defendant. Before answering, defendant moved for leave as a third-party plaintiff to serve summons and complaint on the husband, Edwin D. Klein. Motion was granted and service was made on the husband designated in the action as third-party defendant. At the conclusion of plaintiff's evidence, motion was made for directed verdict and again at the conclusion of all the evidence. The motions were denied and the case was submitted to the jury that found the issues in favor of the plaintiff and assessed the damages at $20,000 for which judgment was rendered. Motion for new trial was denied and defendant appealed.

The accident out of which this action arose occurred about 11 o'clock p. m. on October 30, 1954, on U. S. Highway No. 18 about five miles west of Winner, South Dakota. Defendant company had been engaged under a contract with the State in resurfacing this highway

westerly from Winner. At the scene of the accident, the south lane had been covered with a bituminous mat. Plaintiff's claim is that defendant failed in its duty to provide adequate signs or flares to warn approaching motorists of the presence of the edge of such newly laid mat extending across the south lane and along the center line of the highway and that in consequence of the failure to warn of this hazard the automobile wherein plaintiff was a passenger traveling east struck such ridge in the highway causing it to go out of control and crashing into a cement bridge.

Defendant advances the following grounds for reversal: First, insufficiency of the evidence to sustain the verdict; second, errors in giving and refusal of instructions; third, errors in the admission and exclusion of evidence; fourth, error in denying motion for mistrial because of irregularity in the selection of the jury; and fifth, excessiveness of the verdict.

Defendant contends that there is no evidence that the alleged negligence on the part of the defendant was the proximate cause of the accident; that if it be claimed that the proximate cause was established by circumstantial evidence the circumstances shown were not of sufficient probative force to justify submission to the jury.

█ In determining whether the trial court erred in not granting defendant's motion for directed verdict, the evidence and all legitimate inferences must be viewed in the light most favorable to the plaintiff. Flanagan v. Slattery, 74 S.D. 92, 49 N.W.2d 27; Kleinhesselink v. Porterfield, 76 S.D., 577 83 N.W.2d 191. Plaintiff testified in substance that her husband was driving on the right-hand side of the highway at a speed of 45 to 50 miles per hour; that she had been observing the highway ahead when the car hit a bump; and that she did not see anything on the highway which led her to believe that there was a bump or a newly laid bituminous mat in their lane of travel. The following excerpt is from her testimony on cross-examination:

"Q. What do you remember about the accident

itself? A. I remember hitting this bump and the car swerving and hitting this bridge. That is all I know."

The husband's account of the accident is as follows:

"I did not see any signs, flares, or equipment or anything that indicated to me that Highway 18 was under construction. * * *

"Q. Explain to the jury just what your recollection is of the events immediately preceding the accident. A. I just remember the car hitting a bump and starting to skid, and after that I can't remember what did happen."

On cross-examination, Mr. Klein testified:

"Q. You don't know whether you hit a board or not, do you? A. No.

"Q. You don't know whether you had a blow-out or not, do you? A. I would say that I didn't have a blow-out."

The bituminous mat extended a distance of 571 feet westerly beyond the bridge with which the Klein car collided. An engineer employed by the State Highway Commission testified that the thickness of the mat was a minimum of one and one-half to a maximum of two inches. There was a beveled surface at the end of the mat between the new and old roadbeds. The thickness of the mat and the width of the bevel were much in dispute. An unlighted flare was found on the south side of the highway and to the west of the end of the mat.

 Plaintiff had the burden, not only of proving that defendant was responsible for some negligent act, but that such act was the proximate cause of her injury and damage. Anderson v. Chicago & N.W. Ry. Co., 59 S.D. 543, 241 N.W. 516; Marinko v. Chicago, M., St. P. & P. Ry. Co., 63 S.D. 256, 257 N.W. 639. The arguments of counsel assume that a contractor creating a hazard upon a public highway has the duty to erect warning signs and in the nighttime to maintain proper lights to

warn travelers of the presence of the hazard and that a breach of such duty is actionable negligence when it is proximate cause of injury to a traveler properly using the highway. Counsel for defendant contending that evidence of the cause of the injuries to plaintiff has no probative value relies strongly on the following statement in Erickson v. Todd, 62 S.D. 280, 252 N.W. 879, 881: "This court has consistently applied the rule in criminal cases that, in order that a theory be established by circumstantial evidence, the facts and circumstances shown must not only be consistent with such theory, but inconsistent with any other rational theory. * * * This rule, we are convinced, should be the rule whereby the weight of circumstantial evidence is determined in a civil case as well as in a criminal case." The facts in the instant case do not bring in within the rule of that case. Counsel for defendant argue the possibility that the accident may have been caused by a board in the lane of travel or by the blowout of a tire. There is no evidence from which it may be inferred that the accident was due to such a non-actionable cause. We agree with the Circuit Court of Appeals for the Eighth Circuit that "A theory of proximate cause resting in probative circumstances does not become a matter of speculation and conjecture by a mere suggestion of other possible causes which are unsupported by any proved facts." National Lead Co. v. Schuft, 176 F.2d 610, 614. The evidence as to the proximate cause of the accident presented a question of fact to be resolved by the jury.

The court instructed the jury in effect that in determining the amount of damages to which plaintiff was entitled they could consider "past and future suffering, if any." The jury was further instructed that in determining the amount of damages for permanent injuries, if any, they were "limited to that evidence concerning the scar upon plaintiff's nose." Defendant contends that since the evidence did not show with reasonable certainty that there will be future effects from the injuries or that permanent injury has been sustained it was error to give

an instruction which included these elements as the basis for an award of damages.

■ ■ Damages for future pain and suffering or permanent injury cannot be arrived at by conjecture or speculation. The future consequences of an injury must be shown with reasonable certainty. Peters v. Hoisington, 72 S.D. 542, 37 N.W.2d 410. To the same effect is McGovern v. Murray Taxi Co., 75 S.D. 151, 60 N.W.2d 211, wherein it was held that the court should not give an instruction permitting a jury to assess damages for permanent injuries unless there is evidence showing with reasonable certainty that such injuries have been in fact sustained by the plaintiff.

Plaintiff was in the hospital from October 31, 1954, to December 24, 1954, and was confined to bed until the last few days therein when she was about on crutches. She described her injuries and their disabling nature as follows:

"I had a broken pelvis, I had a cut on my nose that took five stiches to close, my right hand was bruised and cut, I was bruised from the middle of my back down on both sides to my knees, the calf of my left leg was bruised, and my left ankle was bruised. * * *

"Q. Do you still suffer from any of the injuries which you received in this accident? A. My thighs are still swollen and very tender.

"Q. What is the condition of your back? A. It bothers me.

"Q. In what way? A. Well, any lifting bothers me, or scrubbing, and if I have to stand any length of time it bothers me.

"Q. You may state whether or not these injuries you sustained were painful. A. Yes.

"Q. Has there been any improvement in the condition of your thighs from the last time you were examined by Dr. Vandemark, insofar as being painful. A. None.

"Q. What, with regard to your back? A. It still bothers me just as much as it ever did.

"Q. Neither one of these ailments show a tendency to improve? A. No."

The medical testimony was that plaintiff's fractures at the time of trial had entirely healed and that there probably was no permanent disability. Her attending physician gave testimony to the effect that she still had "a persistent tender and swollen area over the lower and outer left thigh", but did not know whether or not this condition was caused by the accident.

We had the question of the necessity of expert evidence to warrant submission of the issue of the future effect of an injury submitted to us in the recent case of McGovern v. Murray Taxi Co., supra. In that case we quoted with approval from the case of Horowitz v. Hamburg-American Packet Co., 18 Misc. 24, 41 N.Y.S. 54, 60:

> "If a defendant's liability in damages may be allowed to rest upon opinion, it should not be the opinion of a jury without the help of science. If a guess is to have such serious consequences, it should be the guess of a medical man of learning and experience. These observations do not apply, of course, to the loss of a member, nor, perhaps, in the case of a fracture." [75 S.D. 151, 60 N.W.2d 214.]

And in Shawnee-Tecumseh Traction Co. v. Griggs, 50 Okl. 566, 151 P. 230, 231, wherein it was held that application of the rule depends upon the nature of the injury, the court said:

> "There are two rules by which the question of future pain and suffering may be submitted to the jury: If the injury is objective, and it is plainly apparent, from the very nature of the injury, that the injured person must of necessity undergo pain and suffering in the future, then most certainly the plaintiff would not be required to prove a fact so plainly evident, and upon making proof of such an objective injury the jury may infer pain and suffering in the

future. * * * Where the injury is subjective, and of such a nature that laymen cannot, with reasonable certainty, know whether or not there will be future pain and suffering, then, in order to warrant an instruction on that point, and to authorize a jury to return a verdict for future pain and suffering, there must be offered evidence by expert witnesses, learned in human anatomy, who can testify, either from a personal examination or knowledge of the history of the case, or from a hypothetical question based on the facts, that the plaintiff, with reasonable certainty, may be expected to experience future pain and suffering, as a result of the injury proven."

Respondent urges that as to the scar the jury from the very nature of the injury could determine its permanency and that there was no necessity of medical evidence to aid the jury in determining the amount of damages for such injury. But there is no claim of future physical suffering because of the scar. Plaintiff testified that she still suffered pain. There is no testimony that would aid the jury in determining with reasonable certainty the duration and extent of future suffering. The subjective nature of the injuries upon which the claim of future suffering is based required the corroborating opinion of medical experts. It was error without competent evidence upon which to base a substantial recovery to charge the jury that future suffering could be considered in awarding damages.

There are other questions presented,but we need not consider them since they likely will not arise on another trial.

The judgment appealed from is reversed.

SMITH, P. J., and RENTTO and HANSON,JJ., concur.

BOGUE, J., not sitting.