**Jane HAUSER, Appellee,**

v.

**Michael J. KUBALAK, Appellant.**

**No. 90–5035SD.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1990.

Decided April 9, 1991.

---

Mark F. Marshall, Rapid City, S.D., for appellant.

Randall L. Macy, Belle Fourche, S.D., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and BRIGHT, Senior Circuit Judge.

PER CURIAM.

Michael J. Kubalak appeals from a final judgment entered in the District Court[1] for the District of South Dakota awarding Jane Hauser damages in the amount of $125,000 for injuries suffered in an automobile-pickup truck accident. For reversal, Kubalak argues the district court erred in denying his motions for directed verdict and for judgment notwithstanding the verdict or in the alternative for new trial. For the reasons discussed below, we affirm the judgment of the district court.

Most of the facts were disputed by the parties. The accident occurred on a hilly,

---

1. The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota.

rural road in northwestern South Dakota at about 5:00 p.m. on June 15, 1988. Hauser was driving home from her job. She was familiar with the road. As she crested the top of a hill, she saw a pickup truck in her lane of traffic. Kubalak was driving the truck. She applied her brakes and turned sharply off the road to the right in an unsuccessful attempt to avoid the truck. The two vehicles collided. Hauser, Kubalak and his passenger were seriously injured. Neither Hauser nor Kubalak had been driving in excess of the posted speed limit. According to Hauser's accident expert, Hauser's automobile may have been several inches over the imaginary center line, but the truck was several feet over the center line and well within Hauser's lane of traffic. Kubalak's accident expert disagreed with Hauser's accident expert's reconstruction of the accident.

At trial Hauser presented evidence about her medical expenses and injuries, which included a broken arm, a broken ankle, knee injuries, broken ribs, and lacerations. Hauser also testified that, as a result of the injuries she suffered in the accident, she was unable to return to work, suffered from pain in her legs when she walked, and lacked strength in her arm. Her orthopedic surgeon testified about Hauser's broken arm, subsequent corrective surgery and the likelihood of arthritic changes in her elbow and shoulder and continued discomfort due to the accident. Kubalak's motion for directed verdict was denied.

The jury returned three verdict forms. The district court refused to accept the first verdict form because the jury had improperly found in favor of both Hauser and Kubalak and resubmitted the case to the jury with instructions to resume deliberations. The jury returned a second verdict form that was complete as to Hauser's claim but incomplete as to Kubalak's counterclaim. The district court instructed the jury to resume deliberations and to complete the verdict form as to Kubalak's counterclaim. The jury then returned a complete verdict form (the third verdict form), finding in favor of Hauser and against Kubalak and awarding Hauser $125,000 in damages. Kubalak filed post-trial motions for judgment notwithstanding

the verdict and for new trial. The district court denied the motions, and this appeal followed.

## MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

Kubalak first argues the district court erred in denying his motions for directed verdict and for judgment notwithstanding the verdict because the evidence was insufficient to support the jury's verdict that Hauser's contributory negligence was not more than slight. He argues it was undisputed that Hauser's automobile had crossed over the center line immediately before the accident and that she had failed to keep a proper lookout or keep her vehicle under control.

"The granting of a motion [for directed verdict or] for judgment notwithstanding the verdict is appropriate 'only if the evidence points all one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party.'" *Glass Design Imports, Inc. v. Import Specialties*, 867 F.2d 1139, 1142 (8th Cir.1989) (citation omitted); *see Dace v. ACF Industries, Inc.*, 722 F.2d 374, 375–76 (8th Cir.1983). Viewing the evidence in the light most favorable to Hauser as the nonmoving party and giving her the benefit of all reasonable inferences to be drawn from that evidence, we agree with the district court that there was sufficient evidence in the record to support the jury's finding that Hauser's contributory negligence was only "slight" in comparison with the negligence of Kubalak. S.D.Codified Laws § 20-9-2 (1987); *see, e.g., Urban v. Wait's Supermarket, Inc.*, 294 N.W.2d 793, 796 (S.D.1980). There was evidence in the record that Hauser's automobile was only several inches across the center line, that Kubalak's truck was several feet across the center line in Hauser's lane of traffic and that Hauser turned sharply off the road in an attempt to avoid the collision. Accordingly, we hold the district court did not err in denying Kubalak's motions for directed verdict or for judgment notwithstanding the verdict.

## MOTION FOR NEW TRIAL

Kubalak next argues the district court erred in denying his motion for new trial.

He argues the jury verdict was against the clear weight of the evidence and the inconsistent jury verdicts represented jury confusion or compromise. He also argues the district court should have granted him a new trial because Hauser's damages for future pain and suffering and loss of future earning capacity were not supported by evidence of permanent injury or corroborated by expert testimony.

■ "A new trial may be ordered where the court is convinced that the verdict goes against the clear weight of the evidence or where a miscarriage of justice will result." *Benjamin v. Aluminum Co. of America,* 921 F.2d 170, 173 (8th Cir.1990), *citing Beckman v. Mayo Foundation,* 804 F.2d 435, 439 (8th Cir.1986). We hold the district court did not abuse its discretion in denying the motion for new trial. We have already reviewed the evidence in the context of the motions for directed verdict and for judgment notwithstanding the evidence, and we cannot agree that the jury verdict goes against the clear weight of the evidence.

■ The district court has the discretion to decide whether the jury's findings on the verdict forms were incomplete, confusing or inconsistent and whether to resubmit the issue to the jury. *Cf. Karl v. Burlington Northern R.R.,* 880 F.2d 68, 72 (8th Cir.1989) (special interrogatories); *Richard v. Firestone Tire & Rubber Co.,* 853 F.2d 1258, 1260 (5th Cir.1988) (special verdicts), *cert. denied,* 488 U.S. 1042, 109 S.Ct. 868, 102 L.Ed.2d 992 (1989). "The district judge, who has observed the jury during the trial, prepared the [special verdict] questions and explained them to the jury, is in the best position to determine whether the answers reflect confusion or uncertainty." *Richard v. Firestone Tire & Rubber Co.,* 853 F.2d at 1260. In the present case, as discussed above, the jury returned three verdict forms. The district court rejected the first verdict form as unacceptable because the jury had impermissibly found in favor of both parties and resubmitted the case to the jury. The district court rejected the second verdict form as incomplete and again resubmitted the case to the jury. Under these circumstances, we cannot say that the district court abused its discretion in rejecting the first and second verdict forms as unacceptable or incomplete, resubmitting the case and finally accepting the third verdict form.

■ Finally, we cannot agree that the district court erred in submitting to the jury Hauser's claim for damages for future pain and suffering and loss of future earning capacity. Hauser presented objective medical evidence, as well as expert medical testimony, that substantiated her serious injuries, which included numerous fractures, necessary medical treatment, the extent of her recovery and continued disability, and the likelihood that, as a result of her injuries, she would develop arthritis or aggravate an existing arthritic condition. The jury could have inferred from this evidence that, as a result of her injuries, Hauser would experience future pain and suffering and that her physical health and ability to work had been impaired. *See Klein v. W. Hodgman & Sons, Inc.,* 77 S.D. 64, 70–71, 85 N.W.2d 289, 293 (1957) (jury can infer future pain and suffering from proof of "objective" injury; future pain and suffering due to "subjective" injury must be supported by expert witness).

Accordingly, the judgment of the district court is affirmed. *See* 8th Cir.R. 47B.