JOHN WHITT v. R. G. RAND AND JOHN WARD, TRADING AS RAND & WARD.

(Filed 31 May, 1924.)

1. **Employer and Employee—Master and Servant—Negligence—Simple Tools—Proximate Cause.**

In order for the employee to recover of his employer damages for the latter's failure to supply simple tools and appliances for the performance of the work required of him, the plaintiff must show that the defendant

had failed in the discharge of this duty, and that from the failure of the defendant therein some appreciable and substantial injury to the plaintiff may reasonably have been expected to occur, and that the consequent injury was proximately caused by the defendant's default therein.

**2. Same—Assumption of Risks—Evidence—Nonsuit—Statutes—Appeal and Error—Trials—Questions for Jury.**

In an action to recover damages against his employer for his failure to furnish the plaintiff goggles, or glasses, for the protection of the plaintiff's eyes in chiseling off a portion of a concrete bridge, in pursuance of his employment, there was evidence tending to show that under the existing circumstances the defendant's custom was to furnish them, and at plaintiff's request the defendant's foreman had promised to do so, and, relying thereon, the plaintiff continued at his work for several hours, when a flying particle of the concrete from the plaintiff's chisel caused the injury in suit: *Held*, upon defendant's motion as of nonsuit, the evidence was sufficient to take the case to the jury upon the issue of negligence and assumption of risk.

**3. Same—Custom—Instruction.**

Where, in an employee's action to recover of his employer damages for the latter's failure in his duty to furnish the former a tool or appliance reasonably necessary for the plaintiff's protection in doing the work required of him, an instruction that makes the defendant's liability solely depend upon his custom to furnish the appliance under the circumstances, without reference to the proximate cause of the injury, under conflicting evidence thereof, is reversible error.

APPEAL by defendants from *Ray, J.*, at March Term, 1924, of MADISON.

Civil action to recover. damages for an alleged negligent injury, tried upon the following issues:

"1. Was plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

"2. Did plaintiff assume the risk of being injured as alleged in the answer? Answer: No.

"3. What damage, if any, is plaintiff entitled to recover? Answer: $2,000."

From a judgment entered on the verdict, defendants appeal, assigning errors.

*George M. Pritchard and McKinley Pritchard for plaintiff.*
*Harkins & Van Winkle for defendants.*

STACY, J. There was allegation and evidence tending to show that the plaintiff, an inexperienced workman, was employed by the defendants, who are bridge builders, and put to work by them in chiseling off a portion of a concrete bridge, without providing any spectacles or goggles for the plaintiff as a protection to his eyes from the flying

fragments of stone and concrete, as was ordinarily used and customarily supplied by the employer in such work, especially when done in the country as was the case here. It was further in evidence that the defendants' foreman had promised to furnish the plaintiff a pair of spectacles, similar to the pair he was wearing, after the plaintiff had complained to the foreman of being annoyed by dust and small particles of stone striking and lodging in and about his eyes. In the afternoon of the same day this promise was made, and while plaintiff was working in expectation of receiving the glasses, one of his eyes was punctured by a flying fragment of stone, or concrete, necessitating an operation for its removal and the substitution of an artificial eye. The injury occurred on 28 August, 1922, three or four days after the plaintiff had entered upon his work with the defendants.

We think this evidence, taken in its most favorable light for the plaintiff, the accepted position on demurrer or motion to nonsuit, was sufficient to carry the case to the jury.

"A perusal of our decisions on the subject will show that in order for liability to attach, in case of simple, everyday tools, it must appear, among other things, that the injury has resulted from a lack of such tools or defects therein which the employer is required to remedy, in the proper and reasonable discharge of his duties, and that the lack or defect complained of and made the basis of the charge is of a kind from which some appreciable and substantial injury may be reasonably expected to occur." *Hoke, J.,* in *Winborne v. Cooperage Co.,* 178 N. C., p. 90.

In *Bilicki v. Shipbuilding Co.,* 147 App. Div. (N. Y.), 687, a case quite similar to the one at bar, recovery was denied upon the ground that the evidence did not show it customary for goggles (with glass fronts and wire sides, or with wire fronts and sides, or with isinglass fronts and wire sides) to be furnished the workmen at the instance of the employer. But here the evidence is to the effect that such was the custom where the work was being done out in the country and away from easy access for the employees to secure such instruments of protection for themselves.

With respect to whether it was customary for the employer, under the circumstances here presented, to furnish goggles or glasses to the workmen, his Honor instructed the jury as follows:

"If you find there was any such custom, then you would answer that first issue 'Yes'; if you answer that there was no custom and the defendant agreed to furnish the glasses, then you would have to inquire as to the time in which to furnish them and take into consideration the work there of the plaintiff until he was injured in the afternoon."

The defendants have made this instruction the basis of one of their exceptions, and we are of opinion that it must be sustained. The bare existence of the custom would not import liability, even if it were being violated at the time, for it is not admitted on the instant record that plaintiff's eye was injured in the manner alleged. It would be necessary for the jury to find, in addition to the existence of the custom, that plaintiff's injury was the proximate result of the nonobservance of such custom on the part of the defendants. The instruction, as given, is defective in this respect.

In order to establish a case of actionable negligence in a suit like the present, the plaintiff must show: First, that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed the plaintiff, under the circumstances in which they were placed; and, second, that such negligent breach of duty was the proximate cause of the injury—a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed. *Ramsbottom v. R. R.*, 138 N. C., 41.

For the error, as indicated, there must be a new trial; and it is so ordered.

New trial.