ANGELINE KAWACZ, Individually, and as Administratrix of the Estate of FRANK KAWACZ, Deceased, Respondent, *v.* DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

(Argued March 18, 1932; decided May 3, 1932.)

*Evan Hollister* for appellant. In the absence of evidence that the defendant's engineer, having discovered the plaintiff's intestate when he was 600 feet distant walking toward his train on the same track in broad daylight, recklessly ran him down, he should not be held guilty of negligence. (*Fierro* v. *N. Y. C. R. R. Co.*, 256 N. Y. 446; *Foley* v. *N. Y. C. R. R. Co.*, 177 N. Y. 430; *Culhane* v. *N. Y. C. R. R. Co.*, 60 N. Y. 133; *Griffith* v. *Long Island R. R. Co.*, 147 App. Div. 693.) The plaintiff's intestate, while walking on a straight track in clear weather in the daytime, toward the approaching train which he had been warned to avoid, assumed the risk of being struck when he neglected to look in the direction he was proceeding in time to give the train the right of way. (*Chesapeake & Ohio Ry.* v. *Nixon*, 271 U. S. 218; *Biernacki* v. *Pennsylvania R. R. Co.*, 45 Fed. Rep. [2d] 677.)

*George E. Phillies, Frank G. Raichle* and *J. C. Randal* for respondent. The finding of the jury that the defendant was negligent is supported by the evidence. (*Porter* v. *L. & N. Ry. Co.*, 202 Ala. 139; *McLaughlin* v. *C., R. I. & P. Ry.*, 115 Ill. App. 262; *Bouwmeester* v. *Railway*, 63 Mich. 557; *Bragg* v. *C. N. E. Ry. Co.*, 228 N. Y. 54; *C., M. & St. Paul Ry. Co.* v. *Kane*, 33 Fed. Rep. [2d] 866; *Sutton* v. *N. Y., N. H. & H. R. R. Co.*, 66 N. Y. 243; *Nicholson* v. *Erie R. R. Co.*, 41 N. Y. 525; *Rosenthal*

v. *N. Y. Ry. Co.*, 112 App. Div. 431; *Haley* v. *Kansas City, M. & B. R. Co.*, 113 Ala. 640; *Martin* v. *Chicago & Northwestern R. R. Co.*, 194 Ill. 139; *Krenzer* v. *Pittsburgh R. R. Co.*, 151 Ind. 187; *B. & O. Ry. Co.* v. *Welch,* 114 Md. 536; *Omaha R. R. Co.* v. *Cook,* 42 Neb. 557.) The plaintiff's intestate, unaware of the approach of the train, did not assume the risk of being recklessly run down without warning by an engineer who discovered him in a position of peril on the track. (*Biernacki* v. *Pennsylvania R. R. Co.*, 45 Fed. Rep. [2d] 667.)

O'BRIEN, J.   On a summer morning long after daylight one of defendant's milk trains was traveling on its daily run in a westerly direction, and at the same time Frank Kawacz, employed by defendant as a track walker and section hand, was proceeding on foot, as was his custom and part of his duty several times a week, in an easterly direction on the same track.   The train was five minutes late and Kawacz knew it.   They collided and, as a result of Kawacz's death, his estate has recovered a substantial judgment.

The engineer, who was plaintiff's witness, testified that, at a distance of six hundred feet, he first saw a man on the track and blew his whistle.   Then the man seemed to raise his head and, although he continued to walk toward the train, the engineer thought that he had heard the whistle.   At a distance of one hundred feet the train slowed to make the stop at a milk station but, as the man gave no indication of leaving the track and as the engineer for the first time then realized that he might remain, at a distance of sixty feet the emergency brakes were applied.   Only then did Kawacz make any effort to avoid the collision but his attempt came too late. Whether he failed previously to see the train or, seeing it, endeavored to cut the time of his departure from the track by the finest margin cannot be known.   In any event the jury on the trial of this action under the Federal Employers' Liability Act (U. S. Code, tit. 45, ch. 2, § 51)

determined that decedent's negligence contributed to his death. That part of the verdict is fully supported by evidence but we are of the opinion that the judgment must be reversed for the reason that, under our own decisions, the engineer was free from negligence and that, under the Federal cases, decedent assumed the risk.

Perhaps the testimony of some of plaintiff's witnesses other than the engineer may be regarded as rising to the level of a contradiction of his testimony in relation to the blowing of the whistle and thus as creating an issue of fact on that branch of the case. Even if we assume that no signal was sounded, still under all the other facts most favorable to plaintiff's case no omission of any duty owed by the engineer to the deceased has been shown. From the record he does not appear to be a man of abnormal qualities, failing neither in those attributes of general intelligence, judgment, alertness of mental perception, clarity of physical vision or that average sense of humanity, at least, with which the ordinary driver of a locomotive is endowed. On the evidence no jury could find any warrant in setting him apart from others engaged in the same occupation. His error amounted at most to nothing worse than a failure to use the best possible judgment. Apparently he is the standard locomotive engineer and is entitled to act as others of his kind. No jury has the right to conclude that the normal man at a throttle, seeing a person six hundred feet away on a railroad track in broad daylight, would even imagine that such a person would continue his course and walk into an approaching train. Unless the engineer recklessly runs him down he is not guilty of negligence. (*Chrystal* v. *Troy & Boston R. R. Co.*, 105 N. Y. 164; *O'Brien* v. *Erie R. R. Co.*, 210 N. Y. 96; *Fierro* v. *N. Y. C. R. R. Co.*, 256 N. Y. 446.) Liability for negligence needs a firmer foundation than mere error of judgment. (*Woloszynowski* v. *N. Y. C. R. R. Co.*, 254 N. Y. 206.) It was the employee on the track rather

the one in the cab who assumed the risk of a collision. (*Chesapeake & Ohio Ry. Co.* v. *Nixon*, 271 U. S. 218; *Davis* v. *Phila. & R. Ry. Co.*, 276 Fed. Rep. 187.)

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

POUND, Ch. J., CRANE, LEHMAN and HUBBS, JJ., concur; KELLOGG, J., not sitting.

Judgments reversed, etc.