DRETZKA, Administrator, Respondent, vs. CHICAGO & NORTH WESTERN RAILWAY COMPANY, Appellant.

*September 12—October 9, 1934.*

112

*J. F. Baker* and *J. E. Krueger,* both of Milwaukee, for the appellant.

For the respondent there was a brief by *Cannon, Newman & Fox* of Milwaukee, and oral argument by *John L. Newman.*

ROSENBERRY, C. J.   The principal question raised here is whether or not the defendant failed in the performance of any duty which it owed Dretzka.   In submitting the question of negligence to the jury, after defining negligence, the trial court further instructed the jury:

"You are instructed that the employees of the railway company in charge of the locomotive are required to exercise ordinary care to keep a proper lookout as to the track and intersecting streets and highways to avoid collision with persons or vehicles, and to observe the streets and highways adjacent to the tracks sufficiently to enable them to ascertain whether persons or vehicles are approaching, or about to approach, the track or are in dangerous proximity to the track, and if such persons or vehicles are in danger of being struck by the locomotive or train, they must do what ordinarily careful and prudent employees, charged with a like duty, would do under like or similar circumstances to avoid doing injury to any such person."

The court further instructed the jury that the defendant's employees have a right to assume that a person approaching the track will seasonably exercise his senses of sight and hearing and act accordingly.

While the instruction of the trial court states a correct rule of law with respect to the duty which the defendant owes travelers, it is not directly applicable to the facts in this case. The jury were not interrogated as to negligence with respect to Dubovich.

In the consideration of this case we are bound by the decisions of the federal court construing the Federal Employers' Liability Act. *Western & A. R. R. Co. v. Hughes,* 278 U. S. 496, 49 Sup. Ct. 231; *Atchison, T. & S. F. R. Co. v. Saxon,* 284 U. S. 458, 52 Sup. Ct. 229.

In *Chesapeake & Ohio R. Co. v. Nixon,* 271 U. S. 218, 46 Sup. Ct. 495, which was an action begun to recover damages for injuries sustained by a supervisor of track, who was killed at a time when he was in the discharge of his duties, the court said:

"If the accident had happened an hour later when the deceased was inspecting the track, we think that there is no doubt that he would be held to have assumed the risk, and to have understood, as he instructed his men, that he must rely upon his own watchfulness and keep out of the way. The railroad company was entitled to expect that self-protection from its employees."

The *Nixon Case* was cited with approval in *Kawacz v. Delaware, L. & W. R. Co.* 259 N. Y. 166, 181 N. E. 87. In the *Kawacz Case* an employee was walking on the track toward a train. The engineer saw him at a distance of six hundred feet and blew his whistle. Kawacz raised his head but continued to walk toward the train. The engineer believed he had heard the whistle. When about one hundred feet from Kawacz the engineer realized that Kawacz was in danger and unsuccessfully attempted to stop the train. The court said:

"No jury has the right to conclude that the normal man at a throttle, seeing a person six hundred feet away on a railroad track in broad daylight, would even imagine that

such a person would continue his course and walk into an approaching train. Unless the engineer recklessly runs him down he is not guilty of negligence. . . . It was the employee on the track rather than the one in the cab who assumed the risk of a collision."

Under the facts of this case we are primarily concerned not with the duty which the defendant owed to travelers, but with the duty which it owed to its employee, the flagman. The flagman is stationed at the crossing to do two things: First, to protect travelers about to enter upon the crossing from injury by passing trains; and second, to protect the train from possible injury by collision with vehicles. The very nature of the flagman's duty requires him to maintain a vigilant lookout both for travelers and trains. The trainmen may assume he will perform his duty and look out for his own safety. There is nothing in the evidence which indicates that the deceased was ever at any time in any peril from the approaching train which required the engineer or the fireman of the locomotive to do anything with respect to his safety. Owing him no duty in that respect, it cannot be said there was a failure to perform a duty. The engineer and fireman performed their duty to the flagman as it is ordinarily and customarily performed.

The approach of the automobile from the west, however, introduced a new factor into the situation. Dubovich was not a witness upon the trial and therefore we do not know what he saw as a matter of fact. If the defendant was guilty of negligence as to Dubovich, and as a consequence of such negligence Dretzka was injured, the question of defendant's liability to the plaintiff will be determined by a different principle.

The testimony seems to be without dispute that Dubovich stopped at least twice on the westerly side of the track outside of the zone of danger and at a point where the oncoming train was clearly within his view. The witness who

testified there were three stops said that there were only four or five seconds between the second and third stops. It seems quite clear that Dubovich did not have control of his car. The last movement of his car before he was struck must have taken place when the train was only a short distance away. The train was traveling at a speed variously estimated from ten and one-half to twenty miles an hour. The car had nearly passed to the east out of the zone of danger when struck. It does not appear therefore that however vigilant a lookout the engineer and fireman might have maintained, they could have discovered that Dubovich was in actual peril more than four or five seconds before the collision and at a time when it could not have been avoided. The proximate cause of Dretzka's injuries was the negligence of Dubovich in driving his car upon the track in the face of the on-coming train. Some contention is made that the trainmen should have observed that Dubovich was having trouble with his gear shift. An engineman cannot be guilty of negligence in failing to discover that the driver of a car in a place of safety is having trouble with his gear shift. The defendant having committed no act of negligence, that is, having failed to perform no duty it owed to Dubovich, cannot be held liable for the consequences of the collision.

Upon the argument it was conceded that the driver of the automobile was guilty of negligence. If he was, such negligence consisted of his going upon the track in the face of an approaching train, a thing which the employees of the defendant company had a right to assume he would not do. It is not to be expected that railway trains can be stopped every time a person appears at a place where he may thereafter by his own act place himself in a place of imminent danger. As the trial court instructed the jury, the employees of the defendant have a right to assume just the contrary. There is no evidence in this case that the conduct of the engineer and fireman were in any degree reckless, or that the

automobile was at a place which put Dretzka in a place of imminent danger at a point of time when the train by any possibility could have stopped. For the reasons stated, the defendant is not liable because its employees were not guilty of negligence which contributed to the death of plaintiff intestate.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.