MARINKO, Respondent, v. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RY. CO., Appellant.

(257 N. W. 639.)

(File No. 7635. Opinion filed December 3, 1934.)

*Hepperle & Fuller,* of Aberdeen, for Appellant.

*Morrison & Skaug,* of Mobridge, for Respondent.

WARREN, J. This action is brought under the Federal Employers' Liability Act (45 USCA §§ 51-59) to recover $5,000 damages for injuries claimed to have been received by plaintiff while employed as a bridge carpenter and helper by the defendant, the Chicago, Milwaukee, St. Paul & Pacific Railway Company, in the maintenance and upkeep of its bridges. Plaintiff, as well as the other workmen, traveled and lived in bunk cars furnished by the defendant. On June 9, 1931, the bridge crew was ordered to proceed from Regent, N. D., to Mobridge, S. D., to repair a bridge. The weather was stormy, the train heavy, and the grade, immediately before the place of the accident, uphill. About three miles west of Selfridge, the train stalled and it was decided to pull half of the cars on to Selfridge and return for the others. The train was cut in half, the fore part pulled into Selfridge and the rear, including plaintiff's bunk car, was left standing where it had stalled. Plaintiff, who was in the car which was left standing upon a bridge, changed his clothes, shaved, and then went out to answer a call of nature. He descended the ladder on the outside of the car, stepped off into space, and fell into the ravine below the bridge, breaking his right arm. Upon trial, at the close of the evidence, the issues were submitted to the jury which returned a verdict for the plaintiff in the sum of $2,000. A judgment was entered and the defendant thereafter moved for a new trial. The motion was denied. Defendant appeals from the judgment and order overruling the motion for a new trial.

The Supreme Court of the United States, applying a rule of law concerning the care or conduct of a plaintiff seeking to recover for actionable negligence against a railway company, wherein the evidence was strikingly similar to that in the case at bar, furnishes us with a precedent in the solving of the facts and issues before us. In that case, namely, the Baltimore & Ohio Ry. Co. v. Berry, 286 U. S. 272, 52 S. Ct. 510, 511, 76 L. Ed. 1098, the facts are briefly as follows: Respondent, a rear brakeman on appellant's line, had been employed by appellant for nine years. The train was under orders to enter a passing track at a certain point to wait until it was passed by another train. When the train stopped, the conductor, who was in the caboose with respondent, told respondent to get out and fix a certain hot box which was in need of repairs. Respondent descended from the caboose steps and fell into space, the train having stopped on a trestle over a ravine. In reversing the case the court said:

"There was no evidence that either the conductor or respondent knew that the caboose had stopped on the trestle, and, as they were together in the cupola of the caboose when the train stopped, their opportunity for knowledge, as each knew, was the same. Hence, there is no room for inference that the conductor was under a duty to warn of danger known to him and not to the respondent, or that respondent relied or had reason to rely on the conductor to give such warning. Nor was the request to alight a command to do so regardless of any danger reasonably discoverable by respondent. The conductor did not ask respondent to alight from the caboose rather than from one of the forward cars standing clear of the trestle, where it was safe, or to omit the precautions which a reasonable man would take to ascertain, by inspection, whether he could safely alight at the point chosen. There was no evidence that the respondent could not have discovered the danger by use of his lantern or by other reasonable precautions, or that he in fact made any effort to ascertain whether the place was one where he could safely alight. * * * If negligence caused the injury, it was exclusively that of the respondent. * * * "

In the instant case the testimony of Fred Packard, a witness for defendant, sheds considerable light on exactly what happened. It is in part as follows:

"I am one of the carpenters in the crew which was riding on the special train from North Dakota and had supper at Raleigh coming down the hill, in the kitchen car where we rode as far as Shields, where the train crew had supper. I saw the plaintiff during our thirty minute stop there. Between 7:20 and 7:30 I went back to my bunk car, which is the same car assigned to plaintiff. Robert Wier, the plaintiff and myself were assigned to this car. The plaintiff did not go to his car at Shields. Robert Wier was in the car with me. When we were about fourteen miles from Shields plaintiff came into the car as the train was stalling. Robert Wier and the plaintiff were talking in the car when I came in. We had one lamp lit and turned down. Plaintiff turned up this light and lit the other lamp at the end of the car where he washed and shaved. He changed his good clothes to his working clothes. I asked him where we were at that time and he replied we were close to Selfridge. He got through shaving and got his clothes changed, blew out the end light turned down the other light and said 'Goodnight' and went out the door. A little later the train was stalled, when I got up and looked out the door. I seen a light at the rear end and I said 'Is Mike back there' and they said 'Yes.' He said he guessed he broke his arm. * * *"

Respondent in his argument points out that the negligence of appellant consisted of its not warning the respondent of the dangerous location of the bunk car and the failure to provide any light whereby respondent could see to alight from the car. Again respondent contends that the appellant was under obligation to provide the respondent a safe place in which to work and to use ordinary and reasonable care in keeping such place in a reasonably safe condition and reasonably free from danger, and, if dangers arose in the course of respondent's employment, it would be the duty of appellant to warn him of such dangers in order to prevent injury. Later in his argument respondent contends that he was not engaged in the performance of his duty as he was being transported by the appellant as a passenger in a car that had no toilet facilities, and that, therefore, the rule established in the Baltimore & Ohio Ry. Co. v. Berry, supra, wherein a brakeman was injured, should not apply. From respondent's argument in pointing out the negligence and the duties of appellant to provide the respondent with a safe place in which to work and then stating that he

was a mere passenger, it will be observed that it is quite difficult to fix the relation existing between respondent and appellant at the time that the injury took place. It is hard to believe that appellant owed respondent any greater duty while he was being transported to the scene of his actual employment than after the employment had actually begun. Therefore, we feel that the reasoning in the Baltimore & Ohio Ry. Co. v. Berry Case, supra, is applicable to the facts in the instant case.

■ ■ At the close of the respondent's testimony and also at the close of all the evidence the appellant moved for a directed verdict, one of the grounds being that there was no evidence of actionable negligence on the part of the appellant. The court refused to direct a verdict. We believe it erred in so doing on account of the absence of any evidence of actionable negligence on the part of the appellant. Well-considered authorities indicate that to establish actionable negligence plaintiff must show that there was a failure to exercise proper care in the performance of some legal duty and that such negligent breach was the proximate cause of the injury. This the respondent did not do. Whitt v. Rand et al., 187 N. C. 805, 123 S. E. 84. In other words, actionable negligence is negligence to a particular person injured and to warrant recovery it must be alleged and proved that the appellant either acted negligently or negligently refrained from acting to the injury of a particular individual to whom it owed a duty. State v. Consol. Gas, Electric Light & P. Co., of Baltimore, 146 Md. 390, 126 A. 105, 42 A. L. R. 1237.

The Supreme Court of Wisconsin in the recent case of Lind v. Chicago, M., St. P. & P. Ry. Co., 256 N. W. 705, 706, states the rule as follows:

"It has been repeatedly held 'that where suit is brought against a railroad for injuries to an employee resulting from its negligence, such negligence is an affirmative fact which plaintiff must establish. The Nitro-glycerine Case, 15 Wall. 524, 536, 537, 21 L. Ed. 206; Patton v. Texas & Pacific Ry. Co., 179 U. S. 658, 663, 21 S. Ct. 275, 45 L. Ed. 361; Looney v. Metropolitan R. R. Co., 200 U. S. 480, 487, 26 S. Ct. 303, 50 L. Ed. 564; Southern Ry. Carolina Division v. Bennett, 223 U. S. 80, 85, 34 S. Ct. 566, 58 L. Ed. 860.'"

See, also, Dretzka v. Chicago & N. W. Ry. Co. (Wis.) 256 N. W. 703.

Examining the record further for the purpose of ascertaining whether or not appellant could be charged with actionable negligence, the record conclusively shows that there was no negligence upon the part of the appellant nor was there any careless performance of the legal duty or disregard of such duty established by the respondent against the appellant which would entitle him to have the court submit fact questions to the jury. The record contains no evidence that the appellant must anticipate that the train would be stopped over a bridge and that at a different place than its usual stopping place. The evidence clearly shows that due to weather conditions and the slow speed of the train it could go no further and that it had to be sectioned and moved in sections to its place of destination. The evidence shows that the car occupied by respondent was furnished with ordinary lights. The respondent was not ordered and directed by the appellant to alight from said car, but, on the contrary, left the car of his own volition. The evidence in the record before us fails to disclose any act of commission or omission by the appellant of its duty that it owed to the respondent for his safety.

The order and judgment appealed from are reversed and the cause remanded with directions to enter judgment for defendant pursuant to its motion for directed verdict.

ROBERTS, P. J., and POLLEY and RUDOLPH, JJ., concur.

CAMPBELL, J., concurs in the result on the ground that the record shows no actionable negligence on the part of the defendant proximately causing any injury to plaintiff.