MATILDA HOWELL, ADMINISTRATRIX OF EDDIE HOWELL, DECEASED, v.
ATLANTIC COAST LINE RAILROAD COMPANY AND M. A. PEACOCK.

(Filed 24 February, 1937.)

**Master and Servant § 27—**

Evidence that an experienced fireman left the engine to perform his
duties in interstate commerce while the engine was standing on a trestle
over a creek, and fell and was drowned, *is held* not to disclose negligence
on the part of the railroad company or the engineer, and their motions
to nonsuit were properly granted.

APPEAL by plaintiff from *Daniels, Emergency Judge,* at September
Term, 1936, of NASH. Affirmed.

This is an action to recover damages for the death of plaintiff's intes-
tate, who fell from an engine owned by the defendant Atlantic Coast
Line Railroad Company and operated by its engineer, the defendant
M. A. Peacock, while the said intestate was engaged in the performance
of his duties as a fireman on said engine.

At the time plaintiff's intestate fell from said engine it was standing
on a trestle over Contentnea Creek. He fell into said creek when he
left the engine to perform his duties as a fireman, and was drowned.

At the time of his death, the plaintiff's intestate and both the defend-
ants were engaged in interstate commerce.

At the close of the evidence for the plaintiff, the defendants moved for
judgment dismissing the action as of nonsuit. The motion was allowed,
and plaintiff excepted.

From judgment dismissing the action the plaintiff appealed to the
Supreme Court, assigning as error the judgment dismissing the action.

*James W. Keel and I. T. Valentine for plaintiff.*
*Spruill & Spruill and Thomas W. Davis for defendants.*

PER CURIAM. An examination of the evidence appearing in the record
in this appeal fails to disclose any evidence tending to show that the
death of plaintiff's intestate was caused by the negligence of the defend-
ants, or of either of them, as alleged in the complaint. For that reason
there is no error in the judgment dismissing the action. The judgment
is affirmed on the authority of *Baltimore & Ohio Railroad Company v.
Berry,* 286 U. S., 272, 76 L. Ed., 1098.

Both *Cobia v. R. R.,* 188 N. C., 487, 125 S. E., 18, and *Puget Sound
Electric Railway v. Harrigan,* 176 Fed., 488, which are relied upon by
the plaintiff to support her contention that there is error in the judg-
ment, are easily distinguishable from the instant case.

In *Cobia v. R. R., supra,* it was not seriously disputed that there was evidence tending to show that defendant was negligent as contended by the plaintiff. It was held that upon the facts shown by the evidence, the question of assumption of risk, relied upon by the defendant to defeat plaintiff's recovery, was properly left to the jury. For that reason the judgment was affirmed.

In *Puget Sound Electric Railway v. Harrigan, supra,* there was evidence tending to show that appellant had failed to exercise reasonable care with respect to the condition of the platform from which the appellee fell, while engaged in the performance of his duties as a brakeman. In the instant case, plaintiff's intestate was an experienced fireman, and knew the conditions which confronted him when he left his place in the cab of the engine. His fall into the creek, and subsequent death by drowning, were the result of his own negligence, or at least were accidental. In neither event are the defendants liable in this action to the plaintiff. The judgment is

Affirmed.