Bergan, J. (dissenting).
Decedent worked in a newsstand on the northbound Independent Subway station platform at Eighth Avenue and 42nd Street. It was reported to him that there was a fire on the northbound express track about 12 feet from the newsstand. There was smoke coming from the area which a platform conductor employed by defendant saw. Decedent stooped down in a bending position, moved up closer to the platform and bent over with his head out over the track.
In this position, with the platform conductor standing beside him, decedent was struck by a train and killed. There was no whistle or other warning from the train and the general noise in the station was such that the platform conductor did not hear the approach of the train: “I was looking at the smoke.” Decedent was in this position, one witness said, “ half a minute, less than that, let’s say ”. Another witness estimated decedent was in this position “ a short time ”, a “ matter of seconds ”. The motorman testified he did not see decedent in a position of peril as he conducted the train into the station. His first knowledge of an occurrence was when he “ heard a thump ”.
But if the train came into the station at 15 to 20 miles an hour as the motorman’s report shows, he ought to have seen decedent leaning over the track 270 feet north of the south end of the platform in adequate time to blow the whistle or to apply *656 the emergency brakes which, at 15 to 20 miles an hour, would have stopped the train at “less than 120 feet”. If he saw decedent in this position of imminent peril he was not, as a matter of law, justified in assuming decedent would get out of it.
Plaintiff, therefore, established defendant’s negligence prima facie. Certainly, if people on the platform saw decedent’s dangerous position in adequate time before he was struck, the motorman could be found to have seen it or to have been negligent in not seeing it, and to have been required to blow a whistle or apply the emergency brakes.
This is very different from a failure to foresee that a man near a track would walk in front of a train (Kawacz v. Delaware, L. & W. R. R. Co., 259 N. Y. 166). There is here, rather, a failure to observe an existing peril which could have been seen and acted on.
The case is in some respects similar to Noseworthy v. City of New York (298 N. Y. 76), although there the defendant’s judgment was reversed because of errors of law in the charge (pp. 79, 80). The case on the merits of defendant’s negligence is, however, somewhat close to Klein v. Long Is. R. R. Co. (303 N. Y. 807), where a plaintiff’s recovery was affirmed. The main basis of the Appellate Division’s decision seems to be its belief that decedent was guilty of contributory negligence as a matter of law.
But decedent was not as a matter of law “ heedless of ordinary precautions in a place of known danger” (Zobel v. City of New York, 275 App. Div. 782, affd. 300 N. Y. 490). He was not a reckless intruder into danger. He was attempting to find a fire in a busy station within a few feet of the place where he worked. A fire there could have been a public calamity as well as a danger to decedent, and as a matter of precaution it ought ■ to have been looked into. He took a chance of injury in leaning over a platform under conditions of noise where he might not hear a train coming. But the platform conductor stood very close to him and seems not to have regarded it as unduly dangerous.
To see what was causing the smoke or “ fire ” it was necessary to look over the platform. This may well have been found by a jury to have been negligence as a matter of fact; but, thus motivated in the interest of public safety, it was not negligence as a matter of law and decedent’s negligence on which defendant *657 had the burden of proof was an open jury question on this record.
Whether to incur a risk of injury is negligence depends on why the danger is incurred. A reasonable man might take high risks in the interest of public safety without becoming negligent as a matter of law; and examples of this come readily to mind.
Because in the light of after knowledge we may think decedent should not have taken this risk is not to justify a decision as a matter of law that he was negligent. The action of decedent in leaning over the platform was not mere caprice, or so a jury might say. Defendant had the burden of establishing decedent’s negligence; and if it is reasonably debatable, one way or another, whether he was negligent, and the differences among the Justices of the Supreme Court and in this court suggest it is debatable, a jury question is made out in the classic tradition of the common law.
The questions of negligence and contributory negligence in the debatable circumstances of the case were questions of fact and ought not to be resolved as a matter of law. It is unnecessary then to consider the purported error in the charge on the last clear chance doctrine since the case is now being finally disposed of on the law.
The order should be reversed.
Order affirmed.